1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA IBARRA, | CASE NO. 2:14-cv-04726-MMM (ASx) |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| v. | |
| LOS ANGELES SUPERIOR COURT, LOS ANGELES SHERIFF'S DEPARTMENT , and DOES 1-10, inclusive | Magistrate Judge Alka Sagar Courtroom No. F – 9th Floor |
| Defendants. | |

Having reviewed the Amended Stipulation for Protective Order, and good cause appearing, the Court orders as follows:

1.     SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES (hereinafter, the "Los Angeles Superior Court" or "LASC") has a Security Video, which is its property, that depicts, in whole or in part, the April 7, 2014 incident at the Compton courthouse on which plaintiff ERIKA IBARRA's complaint is based, and depicts proprietary and confidential information regarding security policies and procedures used at the Compton courthouse.

///

2.      LASC will produce voluntarily to plaintiff IBARRA and to defendant LOS ANGELES SHERIFF'S DEPARTMENT (hereinafter "LASD") the Security Video.

3.      The Security Video may only be disclosed or made available to "Qualified Persons," who are defined to consist solely of:

(a)      The Court and any trier or finder of fact;

(b)      Counsel for the parties in this action, and paralegal, clerical (including data entry and IT personnel) and secretarial staff employed by such counsel;

(c)      Court reporters, videographers or similar personnel performing professional services in this action;

(d)      Any party's witness during the course of that witness' deposition or testimony in court;

(e)      Experts and/or advisors consulted by the parties or their counsel in connection with this action, whether or not retained to testify at trial; provided that prior to any such disclosure counsel for the party making the disclosure shall deliver a copy of this Protective Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor; and

(f)      Party representatives for any public entity or corporate party named as a defendant in this action.

4.      No copies of the Security Video shall be made except as deemed reasonably necessary in this litigation.   Counsel for each party shall take such steps as they reasonably believe are appropriate to advise those persons employed or retained in clerical, stenographic or ministerial functions of the restrictions upon dissemination of the Security Video that is the subject of this Protective Order.

5.    The parties shall take reasonable steps to preserve the confidentiality of the Security Video.

6.    The parties further acknowledge that this Stipulated Protective Order does not entitle them to file the Security Video under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Accordingly, the Security Video (the Protected Material at issue) may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

7.    Any use of the Security Video at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of the Security Video at trial.

8.    Nothing contained herein shall constitute a waiver of or otherwise restrict a party's right to propound discovery or object to discovery of or use of any documents or information in this case.

**SO ORDERED:**

DATED: October 22, 2014                    / s /
                                        Hon. Alka Sagar
                                        Magistrate Judge
                                        United States District Court